SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel to plaintiff Monteleone & McCrory LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No. 6:08-bk-24324-TD |
| MODTECH HOLDINGS, INC., | ) Chapter 11 |
| Debtor and Debtor in Possession. | ) |
| MONTELEONE & McCRORY, LLP, | ) |
| Plaintiff, | ) Adv. Case No. 6:09-ap-01268-TD |
| v. | ) **AMENDED STIPULATION OF UNDISPUTED FACTS (WITH EXHIBITS "A" AND "B" ATTACHED)** |
| MODTECH HOLDINGS, INC., and MODTECH STRUCTURES LLC, | ) |
| Defendants. | ) |

/////
/////
/////
/////
/////

1

       IT IS HEREBY STIPULATED AND AGREED, by and between MONTELEONE & MCCRORY LLP, MODTECH HOLDINGS, INC. and MODTECH STRUCTURES LLC, by and through their respective attorneys of record that the following facts are undisputed for all purposes:

1. As of November 1, 2004, and throughout 2005, Ron Savona was the Chief Operating Officer of Modtech Holdings, Inc.

2. After leaving the position of COO, Mr. Savona became Executive Vice President of Modtech Holdings, Inc., and held that position up to the date of Modtech's bankruptcy filing on October 20, 2008.

3. Modtech Holdings, Inc. was a publicly held company during all of 2004 and 2005.

4. As of November 1, 2004, Modtech Holdings, Inc. was a Delaware Corporation, authorized to do business in California.

5. Modtech Holdings, Inc. was a Delaware Corporation during all of 2004 and 2005, authorized to do business in California.

6. At some point in time in the fall of 2004, Ron Savona made the decision that Modtech Holdings, Inc. needed to retain legal counsel to assist it in connection with certain pending construction projects.

7. The initial projects for which Ron Savona believed Modtech Holdings, Inc. needed legal counsel included what have been called Heritage High School and Monroe Middle School.

/////

8. At some point in time in the fall of 2004, Ron Savona also came to the conclusion that Modtech Holdings, Inc. needed to retain legal counsel to assist it with a variety of legal issues and/or matters, including, but not limited to contract and construction related issues.

9. In early November, 2004, Ron Savona and others at Modtech met with Pat Duffy at the Modtech's offices in Perris, California for purposes of discussing certain legal matters and retaining Mr. Duffy and his firm.

10. Ron Savona and Patrick Duffy discussed the Heritage High School and Monroe Middle School projects, among other things at the November, 2004 meeting at Modtech's offices.

11. At the November, 2004 meeting at Modtech's offices, Mr. Savona retained Mr. Duffy and his firm to represent Modtech Holdings, Inc.

12. During November, 2004 meeting at Modtech's offices, Mr. Duffy advised Ron Savona that his firm would require that the company execute a written retainer agreement with the firm.

13. During November, 2004 meeting at Modtech's offices, Mr. Duffy also advised Mr. Savona that he would send him the proposed retainer agreement for his review, and that if he had any questions about it, he should contact Mr. Duffy.

14. Exhibit "A", attached hereto, is a true and correct copy of the November 12, 2004 written retainer agreement entered into between Modtech Holdings, Inc. and the law firm of Monteleone & McCrory LLP for the provision of legal services by the firm.

/////

15. Ron Savona executed the Retainer Agreement, attached hereto as Exhibit "A", as COO of Modtech Holdings, Inc. in November, 2004, after first reviewing it.

16. After reviewing Exhibit "A" attached hereto, the Retainer Agreement, Ron Savona did not note any terms or conditions therein that he believed were unfair or unreasonable to Modtech Holdings, Inc.

17. Ron Savona was given a reasonable period of time to review Exhibit "A", the Retainer Agreement.

18. Ron Savona was given a reasonable period of time to consult with other counsel of his choosing regarding the terms and conditions contained within Exhibit "A", the Retainer Agreement.

19. Ron Savona chose not to consult with another lawyer regarding the terms and conditions contained within Exhibit "A", the Retainer Agreement.

20. Prior to executing Exhibit "A", Ron Savona did not have any questions about the terms or conditions contained within the Retainer Agreement (Exhibit "A").

21. Neither Mr. Savona nor Mr. Duffy, who were the sole representatives of Modtech and Monteleone & McCrory LLP, respectively, and who communicated with each other regarding Modtech's retention of Monteleone & McCrory LLP prior to Mr. Savona's execution of the Retainer Agreement, recall any specific discussion or communication regarding the "lien" language set forth on page four of the Retainer Agreement prior to Mr. Savona's execution of the Retainer Agreement.

/////

/////

22. By executing Exhibit "A", the Retainer Agreement, Ron Savona understood that Modtech Holdings, Inc. was agreeing to compensate the Monteleone & McCrory firm on an hourly basis for the services provided by its lawyers, paralegals and consultants, along with their reasonable costs and expenses.

23. At the time of executing Exhibit "A", the Retainer Agreement, Ron Savona had the authority of Modtech Holdings, Inc. to do so.

24. After executing Exhibit "A", the Retainer Agreement, Ron Savona had the executed agreement sent back to Mr. Duffy's attention at his law firm.

25. Following the retention of the Monteleone & McCrory LLP firm in November, 2004, Modtech personnel were authorized to contact the Monteleone & McCrory firm to request it to provide legal services on specific and general legal matters.

26. Jim Gasper was the Modtech person assigned by Modtech Holdings, Inc. to act as the primary liaison with the Monteleone & McCrory firm, regarding the provision of legal services.

27. Jim Gasper was authorized by Modtech Holdings, Inc. at all times between November 12, 2004 and October 19, 2008 to request the Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc.

28. Ron Savona provided Mr. Gasper with the authorization to retain the Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc.

/////
/////
/////

29. Ron Savona never became aware of any instance where Mr. Gasper retained the Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc. that Mr. Savona or others at Modtech Holdings, Inc. had not authorized.

30. Mr. Gasper was employed with Modtech Holdings, Inc. between at least November 12, 2004 and October 20, 2008.

31. Part of Mr. Gasper's duties was to keep up to date on the various legal matters and to report to Ron Savona and others within Modtech on a regular basis.

32. Part of Mr. Gasper's duties also included reviewing and approving legal invoices from the Monteleone & McCrory firm.

33. Modtech representatives never questioned any legal invoices from the Monteleone & McCrory firm that were not addressed and resolved by the law firm and Modtech.

34. At the time Modtech filed for bankruptcy protection on October 20, 2008, Modtech Holdings, Inc. owed Monteleone & McCrory $776,336.39 in legal fees, costs and expert fees.

35. The unpaid legal fees and costs sought by Monteleone & McCrory firm in the pending Modtech bankruptcy proceeding of $776,336.39 are reasonable.

36. Monteleone & McCrory LLP never filed a UCC financing statement with the California Secretary of State with respect to any lien or other rights against Modtech arising under or by reason of the Retainer Agreement.

/////

/////

37. Laurus Master Fund, LTD. did not file a UCC financing statement with the California Secretary of State with respect to any lien or other rights against Modtech Holdings, Inc. at any time, and did not file a UCC financing statement with the Delaware Secretary of State until September 26, 2006.

38. All of the existing or future recoveries to which Monteleone & McCrory LLP contends its lien currently attaches, or will in the future attach, are or will be the result of, or based on, commercial contract claims.

39. Modtech Holdings, Inc. filed for bankruptcy protection on October 20, 2008.

40. Between November 12, 2004 and October 19, 2008, Monteleone & McCrory LLP represented Modtech in a number of litigation matters, including, but not limited to:

(a) Litigation against the San Diego Unified School District in connection with the manufacture and installation of the Porter and Kennedy Elementary School Projects (*Modtech v. San Diego Unified School District*, San Diego County Superior Court Case No. 37-2008-00097028-CU-BC- CTL) ("Porter/Kennedy Elementary Schools");

(b) Litigation against the Liberty Union High School District regarding the Debtor's work on the 2005 Heritage High School Project (*Modtech Holdings, Inc. v. Liberty Union High School District,* Contra Costa County Superior Court, Case No. C06-00239) ("Heritage High School");

(c) Litigation against the Campbell Union Elementary School District seeking damages in excess of $4 million (*Modtech Holdings, Inc. v. Campbell Union Elementary School District, et al.,* Santa Clara County Superior Court, Case No. 1-05-CV-049363) ("Monroe Middle School"); and

(d) Litigation against J T Plastering, Inc., a subcontractor to Modtech, arising from services performed on the Landmark Elementary School, located in Watsonville, California (*Modtech Holdings, Inc. v. J & T Plastering, Inc.*, Los Angeles County Superior Court, Case No. BC390871) ("JT Plastering").

41. Subsequent to Modtech Holdings, Inc.'s bankruptcy filing, Monteleone & McCrory LLP was retained, by Order of the Bankruptcy Court, as Special Counsel to Modtech Holdings, Inc. in connection with (a) Porter/Kennedy Elementary Schools; (b) Heritage High School; (c) Monroe Middle School; and (d) J T Plastering matters. As part of the Orders appointing Monteleone & McCrory LLP as Special Counsel to Modtech Holdings, Inc., Monteleone & McCrory LLP agreed, among other things, to place any and all settlement and litigation proceeds obtained on behalf of Modtech Holdings, Inc. into a blocked DIP account (in accordance with the specific orders of the court pertaining to Monteleone & McCrory LLP's right to recover attorney's fees and costs out of such recoveries).

42. Monteleone & McCrory LLP prepared and filed a timely Amended Proof of Claim in the pending Modtech Holdings, Inc. bankruptcy proceeding on or about February 23, 2009, a true and correct copy of which is attached hereto as Exhibit "B".

43. Subsequent to October 20, 2008 and after being retained as Special Counsel for Modtech Holdings, Inc., Monteleone & McCrory LLP has recovered certain monies in connection with the JT Plastering and Heritage High School matters, in the respective sums of $46,519.66, and $313,728.35, after deducting for court-ordered/agreed upon fees and costs.

/////
/////
/////

44. The monies recovered on behalf of Modtech Holdings, Inc. by Monteleone & McCrory LLP in connection with the JT Plastering and Heritage High School matters have been placed in a blocked DIP account maintained by Modtech Holdings, Inc., and identified as "Modtech Litigation Fund Account" maintained at U S Bank as "ABA #122-235-821".

45. On September 22, 2009, Modtech Structures LLC, a California limited liability company was formed.

46. On November 12, 2009, Laurus Master Fund, Ltd., a Cayman Islands company (In Liquidation), Valens Offshore SPV II, Corp., a Delaware corporation, and Valens U.S. SPV I, LLC, a Delaware limited liability company, purchased and designated Modtech Structures, LLC to take title to certain assets of Modtech holdings, Inc. (following an Order of the Bankruptcy Court entered on September 3, 2009), including but not limited to the claims, causes of action and proceeds from the same (litigation settlement proceeds), known as the (a) Porter/Kennedy Elementary Schools; (b) Heritage High School; (c) Monroe Middle School; and (d) J T Plastering matters, subject to, and contingent upon, the final determination of the validity, priority, extent and amount of the Monteleone & McCrory LLP claimed attorney's lien, and further order of this Court (the "Modtech Purchased Assets").

/////
/////
/////
/////
/////
/////
/////
/////

47. On November 12, 2009, Modtech Structures, LLC acquired title to the Modtech Purchased Assets, subject to, and contingent upon, the final determination of the validity, priority, extent and amount of the Monteleone & McCrory LLP claimed attorney's lien, and further order of this Court.

Dated: December___, 2009         CLARKSON, GORE & MARSELLA, APLC


By: _____
    Scott C. Clarkson, Esq.
    Eve A. Marsella, Esq.
    Attorneys for plaintiff Monteleone & McCrory LLP


Dated: December ___, 2009        PACHULSKI, STANG, ZIEHL & JONES LLP


By: _____
    James Hunter, Esq.
    Attorneys for defendant Modtech Structures LLC


Dated: December ___, 2009        WINTHROP COUCHOT PROFESSIONAL CORPORATION


By: _____
    Charles Liu, Esq.
    Attorneys for defendant Modtech Holdings, Inc.

47. On November 12, 2009, Modtech Structures, LLC acquired title to the Modtech Purchased Assets, subject to, and contingent upon, the final determination of the validity, priority, extent and amount of the Monteleone & McCrory LLP claimed attorney's lien, and further order of this Court.

Dated: December 8, 2009              CLARKSON, GORE & MARSELLA, APLC


                                     By: _____/s/_____
                                         Scott C. Clarkson, Esq.
                                         Eve A. Marsella, Esq.
                                         Attorneys for plaintiff Monteleone & McCrory
                                         LLP


Dated: December 8, 2009              PACHULSKI, STANG, ZIEHL & JONES LLP


                                     By: _____/s/_____
                                         James Hunter, Esq.
                                         Attorneys for defendant Modtech Structures LLC


Dated: December 8, 2009              WINTHROP COUCHOT PROFESSIONAL
                                     CORPORATION


                                     By: _____/s/_____
                                         Charles Liu, Esq.
                                         Attorneys for defendant Modtech Holdings, Inc.