EXHIBIT "B"

B10 (Official Form 10) (12/08) - Page 1

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor:  MODTECH HOLDINGS, INC. | Case Number: 6:08-bk-24324-TD  ~~FILED~~ |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

FEB 23 2009

| Name of Creditor (the person or other entity to whom the debtor owes money or property):  Monteleone & McCrory, LLP | ☒ Check this box to indicate that this claim amends a previously filed claim. ~~RICT OF CALIF~~ ~~Deputy~~ |
|---|---|
| Name and address where notices should be sent:  Eric C. Smith, Esq.  Monteleone & McCrory, LLP  725 S. Figueroa Street, Suite 3200, Los Angeles, CA 90017  Telephone number:  (213) 612-9900 | Court Claim Number: _____  *(If known)*  Filed on:  12/19/08 |
| Name and address where payment should be sent (if different from above):  Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $ 940,666.50  If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.  If all or part of your claim is entitled to priority, complete item 5.  ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.  2. **Basis for Claim:**  unpaid attorney's fees and costs  (See instruction #2 on reverse side.)  3. **Last four digits of any number by which creditor identifies debtor:**  5812  **3a. Debtor may have scheduled account as:**  unsecured claim for money that  (See instruction #3a on reverse side.) did not include all amounts due.  4. **Secured Claim (See instruction #4 on reverse side.)**  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.  **Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☒ Other  **Describe:**  Value of Property:$_____  Annual Interest Rate _____%  Amount of arrearage and other charges as of time case filed included in secured claim,  if any: $_____  Basis for perfection: _____  Amount of Secured Claim: $ 940,666.50  Amount Unsecured: $_____ | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.  Specify the priority of the claim.  ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).  ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).  ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)  ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).  ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).  ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).  **Amount entitled to priority:**  $_____  *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See Instruction 7 and definition of "redacted" on reverse side.*)  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | |
| Date: 2·13·09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

*Eric Smith, PARTNER*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT "B"

Monticeone & McCroy, LLP

| Account | Name | 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ | Bal Du |
|---|---|---|---|---|---|---|---|---|
| 5812.15085 | M GENERAL FILE | 3002.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3002.2 |
| 5812.15092 | M HERITAGE HIGH SCHOOL PROJECT | 2597.95 | 180.00 | 1035.50 | 810.00 | 1637.61 | 630.00 | 6891. |
| 5812.15093 | M MONROE MIDDLE SCHOOL PROJECT | 85371.33 | 82101.08 | 52331.69 | 46319.62 | 85807.97 | 139380.58 | 491312. |
| 5812.15224 | M PAJARO UNIFIED SCHOOL DISTRICT | 0.00 | 0.00 | 0.00 | 331.50 | 521.62 | 36141.22 | 37024. |
| 5812.15386 | M LEONARD CAMPBELL-EVERGREEN STOP NOTICE | 946.00 | 293.00 | 607.25 | 432.50 | 1058.00 | 2889.27 | 6226. |
| 5812.15402 | M TRICO PIPES v. MODTECH HOLDINGS, INC. | -110.50 | 796.18 | 715.50 | 1839.25 | 2870.75 | 13920.30 | 20031. |
| 5812.15429 | M MODTECH v. GE EQUIPMENT SERVICES | 4048.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4048. |
| 5812.15456 | M FONTANA UNIFIED SCHOOL DISTRICT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 855.40 | 855. |
| 5812.15489 | M ALHAMBRA UNIFIED SCHOOL DISTRICT | 450.00 | 420.25 | 5164.00 | 900.00 | 1725.41 | 6345.00 | 15004. |
| 5812.15517 | M TNT "PIGGYBACK" ISSUES | 0.00 | 0.00 | 2796.25 | 6185.50 | 4032.75 | 11406.79 | 24421. |
| 5812.15606 | M JOE'S SUNRISE | 0.00 | 60.00 | 0.00 | 150.00 | 2630.00 | 8030.25 | 10870. |
| 5812.15684 | M HOLMES BUILDERS, INC. | 2134.00 | 6668.58 | 2625.50 | 0.00 | 20.00 | 5820.94 | 17269. |
| 5812.15685 | M MODTECH v. PORTER/KENNEDY | 285.00 | 90.00 | 0.00 | 0.00 | 720.00 | 5286.75 | 6 1. |
| 5812.15803 | M CLOVERDALE USD | 0.00 | 0.00 | 0.00 | 60.00 | 0.00 | 0.00 | |
| 5812.15819 | M TWADELL-MISHA RESIDENCE - MICHELLE KAUFMAN | 2060.00 | 1562.50 | 690.00 | 630.00 | 1376.00 | 9027.50 | 1531 |
| 5812.15828 | M J.T. PLASTERING | 627.00 | 335.00 | 607.50 | 1110.25 | 2092.00 | 810.00 | 5581 |
| 5812.15847 | M PALOS VERDES PENINSULA USD | 2071.00 | 15754.25 | 5011.00 | 3360.00 | 21071.25 | 41646.32 | 88913 |
| 5812.15858 | M adv. MODULAR SOLUTIONS, INC. | 250.75 | 140.00 | 340.25 | 480.00 | 1306.75 | 2774.00 | 5291 |
| 5812.15858 | M LYNCH RESIDENCE | 0.00 | 0.00 | 0.00 | 90.00 | 450.00 | 3300.00 | 3840 |
| 5812.15883 | M WESTCOAST DRYWALL/PAINTING | 2335.75 | 1883.16 | 914.46 | 4593.46 | 16553.43 | 600.00 | 26880 |
| 5812.15884 | M DOW DIVERSIFIED | 150.00 | 570.00 | 395.50 | 2114.75 | 2740.00 | 0.00 | 5970 |
| 5812.15888 | M ROBBBELEN CONSTR. MGMT. SERVICES | 0.00 | 0.00 | 0.00 | 600.00 | 3375.75 | 960.00 | 4935 |
| 5812.15908 | M MODULAR SOLUTIONS-SFO adv. | 0.00 | 0.00 | 0.00 | 0.00 | 40.25 | 0.00 | 40 |
| 5812.15910 | M HUB CONSTRUCTION SPECIALTIES, INC. | 0.00 | 20.00 | 40.00 | 120.00 | 1800.50 | 0.00 | 1980 |
| 5812.15912 | M CHINO VALLEY #5 adv. | 3693.50 | 720.00 | 502.00 | 5668.00 | 3462.00 | 0.00 | 14045 |
| 5812.15915 | M HAWAIIAN AIR - EASTSIDE | 0.00 | 0.00 | 582.25 | 120.00 | 270.00 | 0.00 | 972 |
| 5812.15920 | M PIXLEY | 214.50 | 0.00 | 0.00 | 27.50 | 0.00 | 0.00 | 242 |
| 5812.15938 | M VISTA DUAL MAGNET | 0.00 | 0.00 | 0.00 | 1320.00 | 0.00 | 0.00 | 1320 |
| 5812.15979 | M adv. FERGUSON ENTERPRISES, INC. | 207.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 207 |
| 5812.51058 | M RIO ROSALES ELEMENTARY SCHOOL PROJECT | 0.00 | 43.05 | 1070.34 | 660.00 | 60.00 | 4380.00 | 6213 |
| **GRAND TOTALS** | | 110954.31 | 111637.05 | 75458.99 | 77922.37 | 155622.04 | 294204.32 | 825 |

*[handwritten]* 101,329.81*

*[handwritten]* $816,174.5

*[handwritten]* * See attached sheet reducing claimed amount by post 2 petition bl . 8.11.1995.

EXHIBIT "B"

**Modtech Billings October 1 - October 19, 2008**

| Client No. | Fees | Costs | Subtotal |
|---|---|---|---|
| 15085 | $1,560.00 | $17.25 | $1,577.25 |
| 15092 | $720.00 | $77.95 | $797.95 |
| 15093 | $73,338.50 | $8,692.83 | $82,031.33 |
| 15386 | $180.00 | $561.00 | $741.00 |
| 15402 | | | <$110.00> |
| 15429 | $2,865.00 | $913.03 | $3,778.03 |
| 15489 | $270.00 | $0.00 | $270.00 |
| 15684 | $1,920.50 | $13.50 | $1,934.00 |
| 15685 | $150.00 | $0 | $150.00 |
| 15819 | $1,970.00 | $0 | $1,970.00 |
| 15828 | $200.00 | $7.00 | $207.00 |
| 15847 | $1,830.00 | $1.00 | $1,831.00 |
| 15858 | $0 | $250.75 | $250.75 |
| 15883 | $2,330.00 | $5.75 | $2,335.75 |
| 15884 | $60.00 | $0 | $60.00 |
| 15912 | $2,950.00 | $23.50 | $2,973.50 |
| 15920 | $0 | $214.50 | $214.50 |
| 15979 | $200.00 | $7.75 | $207.75 |
| | | TOTAL: | $101,329.81 |

**MODTECH 15093 INVOICES**

| Vendor | Invoice Date | Invoice # | Invoice Amount | Paid | Check # |
|---|---|---|---|---|---|
| Anderson & Doig | 7/9/2008 | 26177 | $4,475.10 | X | 5282 |
| Anderson & Doig | 8/12/2008 | 26212 | $562.50 | X | 5282 |
| Atkinson-Baker | 5/9/2008 | A2035E8 AB | $502.90 | X | 5292 |
| Atkinson-Baker | 5/9/2008 | A2035E6 AB | $844.12 | X | 5292 |
| Atkinson-Baker | 5/9/2008 | A2035E5 AB | $335.58 | X | 5292 |
| Atkinson-Baker | 8/8/2008 | A2053B AB | $105.70 | X | 5296 |
| Best Evidence Video Prod. | 4/22/2008 | 8158 | $797 | X | 5287 |
| HinesReporters.Com | 8/16/2007 | 218302 | $1,432.75 | X | 5283 |
| HinesReporters.Com | 11/3/2007 | 219038 | $809.50 | X | 5283 |
| HinesReporters.Com | 11/3/2007 | 219039 | $822.25 | X | 5283 |
| HinesReporters.Com | 11/3/2007 | 219040 | $506.50 | X | 5283 |
| L.A. Legal Copy | 6/6/2008 | 29944 | $127.04 | X | 5290 |
| McMahon & Associates | 5/27/2008 | 9804 | $1,732.50 | X | 5291 |
| McMahon & Associates | 6/12/2008 | 9826 | $912.93 | X | 5291 |
| Paul Makris (Expert Witness) | 9/23/2008 | N/A (M&M Check: 5302) | $866.25 | X | 5302 |
| Paulson Reporting | 7/15/2008 | PL91149 | $130 | X | 5285 |
| Pulone & Stromberg | 6/12/2008 | 121926 | $910.50 | X | 5295 |
| Pulone & Stromberg | 6/19/2008 | 122144 | $685.25 | X | 5287 |
| Quest Discovery Services | 5/1/2008 | LAM60039?B | $595.31 | X | 5288 |
| Source Investigative Group | 4/15/2008 | I-3998 | $300 | X | 5284 |
| Source Investigative Group | 4/24/2008 | I-3991 | $300 | X | 5284 |
| Unlimited Reprographics | 4/30/2008 | 71842 | $611.20 | X | 5293 |
| Unlimited Reprographics | 5/28/2008 | 72390 | $1,780.50 | X | 5293 |
| Unlimited Reprographics | 5/29/2008 | 72481 | $592.34 | X | 5293 |
| Unlimited Reprographics | 5/31/2008 | 73099 | $168.87 | X | 5293 |
| Unlimited Reprographics | 5/31/2008 | 73104 | $330.16 | X | 5293 |
| Unlimited Reprographics | 7/16/2008 | 74244 | $75.78 | X | 5293 |
| Anderson & Doig | 9/11/2008 | 26241 | $744.90 | X | 5298 |
| Anderson & Doig | 10/13/2008 | 26265 | $19,451.08 | | |
| Anderson & Doig | 10/22/2008 | 26283 | $3,782.99 | | |
| Atkinson-Baker | 7/29/2008 | A205E3C AC | $554.60 | | |
| db Ronk & Company | 9/12/2008 | V9,033-JM | $324 | | |
| Interactive Presentation Sol. | 10/3/2008 | 10693 | $1,996.45 | | |
| Interactive Presentation Sol. | 10/17/2008 | 10699 | $1,462.50 | | |
| L.A. Legal Copy | 10/10/2008 | 30252 | $253.64 | | |
| L.A. Legal Copy | 10/10/2008 | 30253 | $93.34 | | |
| L.A. Legal Copy | 10/21/2008 | 30273 | $182.47 | | |
| McMahon & Associates | 6/16/2008 | 9827 | $135 | | |
| McMahon & Associates | 7/7/2008 | 9854 | $2,883.38 | | |

EXHIBIT "B"

| Vendor | Invoice Date | Invoice # | Invoice Amount | Paid | Check # |
|---|---|---|---|---|---|
| McMahon & Associates | 7/1/2008 | 9868 | $3,842.59 | | |
| McMahon & Associates | 7/25/2008 | 9893 | $985.88 | | |
| Nitro Associates | 8/21/2008 | 476.1.29 | $332.28 | | |
| Nitro Associates | 9/4/2008 | 476.1.30 | $474.69 | | |
| Nitro Associates | 9/17/2008 | 476.1.31 | $2,468.38 | | |
| Nitro Associates | 10/2/2008 | 476.1.32 | $10,249.56 | | |
| Nitro Associates | 10/14/2008 | 476.1.33 | $20,590.61 | | |
| Nitro Associates | 10/29/2008 | 476.1.34 | $9,731.09 | | |
| Pulone & Stromberg | 6/19/2008 | 121928 | $965.30 | | |
| Pulone & Stromberg | 6/19/2008 | 122154 | $1,558.65 | | |
| Pulone & Stromberg | 6/19/2008 | 122147 | $1,031.55 | | |
| Pulone & Stromberg | 6/20/2008 | 122220 | $1,036.25 | | |
| Pulone & Stromberg | 6/26/2008 | 122232 | $1,514.25 | | |
| Pulone & Stromberg | 7/3/2008 | 122264 | $895.50 | | |
| Pulone & Stromberg | 7/8/2008 | 122273 | $1,079.80 | | |
| Pulone & Stromberg | 7/15/2008 | 122379 | $626.95 | | |
| Pulone & Stromberg | 7/17/2008 | 122518 | $995.10 | | |
| Pulone & Stromberg | 8/4/2008 | 122731 | $1,366.95 | | |
| Pulone & Stromberg | 8/21/2008 | 122852 | $520.15 | | |
| Pulone & Stromberg | 10/23/2008 | 123600 | $1,097.44 | | |
| Pulone & Stromberg | 10/24/2008 | 123633 | $3,204.25 | | |
| Pulone & Stromberg | 10/24/2008 | 123618 | $867.15 | | |
| Pulone & Stromberg | 10/24/2008 | 123608 | $3,289.51 | | |
| Source Investigative Group | 10/10/2008 | I-4199 | $600.00 | | |
| Unlimited Reprographics | 7/16/2008 | 74241 | $494.25 | | |
| Unlimited Reprographics | 8/18/2008 | 75354 | $92.23 | | |
| Unlimited Reprographics | 8/31/2008 | 75855 | $861.67 | | |
| Unlimited Reprographics | 9/17/2008 | 76175 | $97.43 | | |
| Unlimited Reprographics | 9/30/2008 | 76799 | $985.12 | | |
| Unlimited Reprographics | 9/30/2008 | 76791 | $106.95 | | |

Total Paid: $21,312.53

Total Outstanding: $103,815.88

## OTHER MODTECH INVOICES

| Vendor | Invoice Date | Invoice # | Invoice Amount | Paid | Check # |
|---|---|---|---|---|---|
| Aquatech Consultancy, Inc. | 8/8/2008 | 19797 | $29,615.84 | Partial Payment $10,000 | 5280 |
| Seijas Court Reporters | 5/16/2008 | 126713 | $1,448.65 | X | 5294 |
| Seijas Court Reporters | 5/20/2008 | 126730 | $100 | X | 5294 |
| Paulson Reporting | 8/28/2008 | PL98561 | $1,060.20 | | |

Total Paid: $11,548.65

Total Outstanding: $20,676.04

CURRENT THRU 11/24/08

EXHIBIT "B"

MONTELEONE & McCRORY, LLP

LAWYERS

A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

725 SOUTH FIGUEROA STREET, SUITE 3200

LOS ANGELES, CALIFORNIA 90017-5448

TELEPHONE (213) 612-9900

FACSIMILE (213) 612-9930

STEPHEN MONTELEONE
(1886-1962)

PATRICK J. DUFFY
A Professional Corporation,
PARTNER

ORANGE COUNTY OFFICE
450 WEST FOURTH STREET, SUITE 130
SANTA ANA, CALIFORNIA 92701

TELEPHONE
(714) 568-3170

FACSIMILE
(714) 568-3184

November 12, 2004

OUR FILE NUMBER

15085

Mr. Ronald C. Savona
Chief Operating Officer
Modtech Holdings, Inc.
2830 Barrett Avenue
Perris, California 92571

Re:  Legal Representation

Dear Ron:

We are pleased that you wish to retain Monteleone & McCrory to handle both the general business legal needs of Modtech Holdings, Inc. and the dispute resolution needs of the company. In that regard, we will proceed to up-grade your subcontract and change order forms on the one hand and advance claims and defend asserted liabilities on the Heritage High School project and the Monroe Middle School project on the other. We will also represent you in negotiations with the owners of those two schools (Liberty Union High School District and the Campbell Union School District) as well as dealing with the architects on those projects and the site contractors on those projects.

California law requires us to formalize discussions regarding our fee arrangement in writing. This letter will thus serve to describe the services for which you have retained us, document our acceptance of the matter, and set forth our fee arrangement. In addition, it shall govern our attorney-client relationship for its duration. Please sign the enclosed copy of this letter on the blank signatory line immediately below my signature to indicate your agreement to this fee arrangement, and return the signed copy to me for our files. A self-addressed, stamped envelope is enclosed for your convenience.

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "B"

LAW OFFICES

# MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 2

      Our fees for legal services are calculated according to the time required to perform particular tasks, at our normal hourly rates. These rates vary depending upon the attorney, legal assistant, or other personnel assigned by the firm to perform a particular task. Where appropriate, we will assign other lawyers, consultants, legal assistants or support personnel to perform work on this matter if, in our reasonable judgment, that is advisable. We will be happy to discuss personnel assignments with you at any time. Our charges will include all time spent by us in handling the matter, including time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to work on this matter. When such personnel engage in office conferences, each person will charge for his or her time. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time. Work on particular matters is coordinated between partners and associates in order to maximize efficiency and minimize costs.

      Additionally, if you desire, our firm will agree to act as your company's statutory agent for service of process in California. If you request that we act as your company's statutory agent, should we receive service of any process on behalf of your company we agree to forward it to you as soon after receipt as practicable. We will forward all such items received to you, at the address to which we are sending this letter, unless you designate a different address in writing.

      A list of our personnel, along with their hourly billing rates, is enclosed with this letter. You should also note that our hourly rates are adjusted periodically (usually on January 1st of each year, although interim adjustments are sometimes made).

      As a special Thank You to Dennis Shogren for considering us for this relationship, I will reduce my regular hourly rate by $25.00 through 2005.

C:\WPS1\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "B"

LAW OFFICES

MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 3

In addition to our fees, you will also be responsible for paying all costs and expenses incurred in our handling of the matter, including filing fees, transcript and court reporter's fees, messenger and other delivery fees, process service fees, jury fees, witness fees, investigator's fees, expert's or consultant's fees, photocopies, travel costs, Fax charges, long distance telephone charges, car telephone charges, computer-assisted legal research charges, and other similar items.

Also, we may, with your consent, engage accountants, investigators, appraisers, engineers, architects, and/or other experts or consultants in various locales and areas of expertise to assist us in our representation. You agree to reimburse us, or upon our request, to pay directly, any such expenses incurred in the course of our representation of you.

You hereby agree to pay, upon execution of this agreement, a deposit in the amount of $2,500.00 which shall be placed in our trust account. This agreement shall not become effective until we receive this deposit. The deposit shall not be applied against our periodic invoices, but rather invoices shall be payable monthly, and the deposit shall be held in reserve to be applied against any invoices for fees or costs that are outstanding at the conclusion of our representation of you. If your account is in good credit standing at the end of 2005, you may request the return of the deposit. In any event, we will return the unexpended portion of this deposit to you should our firm cease to represent Modtech for any reason.

You will receive a monthly statement which itemizes the particular service rendered, the amount charged for that service, and all expenses, costs and other charges incurred. All time spent in connection with the matter will be billed in increments of tenths of an hour. Our policy is to require that each month's statement be paid in full within 30 days of issuance.

You have the right at any time to terminate our services upon written notice to us and we shall, immediately after receiving such notice, cease to render additional services. Such termination shall not, however, relieve you of your

C:\WP61\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "B"

LAW OFFICES

# MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 4

obligation to pay the fees due for services rendered and costs incurred prior to such termination. Likewise, if you fail to meet any of your obligations under this agreement, we shall have the right at our sole option and discretion to terminate this agreement, withhold further services, cease our representation of you, and withdraw as counsel of record for you in any proceeding. In this event you agree to take all steps necessary to free us of any obligation to perform any additional services on your behalf, including the execution of any documents necessary to complete our discharge or withdrawal from the matter.

You hereby grant us a lien on any and all claims or causes of action which are the subject of our representation of you pursuant to this agreement, as well as any and all other claims or causes of action which we may advance for you in connection with any other matter where we have been retained to act or have acted as counsel on your behalf. This lien shall be for the full amount of attorneys fees and costs owed to the firm on all matters, regardless of the matter or matters that those fees and costs relate to. This lien will be in addition to any other rights we may have to recover sums owing from you under this agreement. If you so desire, you may seek the advice of independent counsel of your choice with regard to the liens you are granting us hereunder, and we will of course give you the time necessary to do so. By signing this agreement you are consenting to the granting of the liens specified herein.

We can of course make no promises or guarantees regarding the outcome of the matter, and nothing contained in this agreement or in our statements to you shall be construed as a promise, guarantee, representation or assurance about the outcome of any matter.

You shall have all rights provided by applicable California law under certain circumstances to seek arbitration of any disputes regarding our fees under this agreement. Subject to applicable law and state bar rules, the prevailing party in any such arbitration shall be awarded its reasonable costs and attorney's fees incurred in connection with the dispute.

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "B"

LAW OFFICES

## MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 5

     Monteleone & McCrory, LLP is a limited liability partnership (LLP), registered with the California Secretary of State's office. The partners and other professionals of an LLP are responsible for their own tortious conduct, but not for the misconduct of others. The assets of an LLP, including amounts payable to clients under any policies of insurance covering errors and omissions of professionals of the firm, are available to satisfy claims against the LLP.

     In order to enable us to effectively render our services to you in this matter, it is important that you be truthful with us in discussing the matter and keep us apprised of all developments regarding the matter. Additionally, it is important that you cooperate with us in connection with our representation of you, and that you be reasonably available to attend meetings, court appearances, or other proceedings in connection with the matter.

     By your signature below, you are indicating that you have read this agreement in its entirety and understand its contents. Further, you acknowledge that we have advised you that you may seek the advice of an independent attorney as to the meaning and effect of the contents of this agreement and that you have either sought and obtained such independent advice or waived your opportunity to do so.

     We look forward to working with you on this matter. Should you have any questions regarding this letter, please do not hesitate to contact me.

Very truly yours,

MONTELEONE & McCRORY

By _____
PATRICK J. DUFFY

PJD:mkd
Enclosures

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

LAW OFFICES

# MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 6


ACCEPTED:

MODTECH HOLDINGS, INC.

By_____
RONALD C. SAVONA

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "B"

# Patrick J. Duffy, III, Partner                 $ 375.00

OTHER PARTNERS                    $ 220.00 - $ 350.00

ASSOCIATES                           $ 150.00 - $ 220.00

LAW CLERKS                                    $ 125.00

PARALEGALS                                    $ 115.00

52-FRM10804.PJD.WPD 1/04

EXHIBIT "B"

## ASSIGNMENT

This Assignment is entered into on the 3rd day of October , 2008, by and between MODTECH HOLDINGS, INC., a Delaware corporation ("Assignor") and MONTELEONE & McCRORY, LLP, a California Limited Liability Partnership ("Assignee").

WHEREAS, Assignor has previously granted Assignee a lien, under their attorney client fee agreement, on any and all claims or causes of action in connection with Assignee's representation of Assignor in the matter of Modtech Holdings, LLC v. Liberty Union High School District, CCCSC Case No. C06-00239.

WHEREAS, a Settlement Agreement and Mutual Release was entered into by and Between Assignor, Liberty Mutual Insurance Company and the Liberty Union High School District under which Assignor is to receive certain payments in connection with the above identified matter, a true and correct copy of which is attached hereto as Exhibit "A."

NOW THEREFORE, in reaffirmation of, and in addition to, the above described lien, and for value received, Assignor hereby assigns to Assignee, all of its right title and interest in and to any and all causes of action and any and all payments due to Assignor in connection with the above described Project, lawsuit, and subsequent Settlement Agreement and Mutual Release.

IN WITNESS WHEREOF, the Assignor and Assignee have executed this Assignment as set forth above.

DATED:      October 3, 2008          ASSIGNOR: MODTECH HOLDINGS, INC.

By: _James W. Gasper_____
Name: _James W. Gasper_____
Title: _Director of Contract Admini._

DATED:      October 3 , 2008          ASSIGNEE: MONTELEONE & McCRORY

By: _Patrick J Duffy_____
Name: _PATRICK J. DUFFY___
Title: _PARTNER_____

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into effective _July 13_, 2007, between the following parties (collectively "the Parties", individually "Party"):

1.    Modtech Holdings, Inc. ("Modtech");

2.    Liberty Mutual Insurance Company ("LMI"); and

3.    Liberty Union High School District ("District").

### RECITALS

A.    The District is the owner of a public construction project known as the Heritage High School Project ("Project"), located in Brentwood, California.

B.    On September 15, 2003, the District entered into an agreement with Modtech whereby the District agreed to pay for and Modtech agreed to furnish labor, equipment, materials, and construct that portion of the Project designated as Increment 2 ("Increment 2 Contract").

C.    LMI issued performance and payment bonds respectively, in favor of the District, to secure Modtech's faithful performance of the Increment 2 Contract.

D.    The following lawsuits between and among the Parties have been filed regarding the Project:

1.    Modtech Holdings, Inc. v Liberty Union High School District, Contra Costa County Superior Court Case No. C06-00239 and the District's Cross-Complaint therein ("Modtech Action").

2.    Direct Digital Controls, Inc. v Trahan Mechanical, Inc., et al., Contra Costa County Superior Court Case No. C06-00149 ("Direct Digital Action").

3.    Bayside Solutions, Inc. v. Modtech Holdings, Inc., et al., Contra Costa County Superior Court Case No. C06-00636 ("Bayside Action"). The matter was consolidated with Case No. C06-00242.

4.    Norman S. Wright Mechanical Equipment v. Trahan Mechanical, Inc., et al., Contra Costa County Superior Court Case No. 06-00242 ("Wright Action"). The matter was consolidated with Case No. C06-00636. The Wright Action was dismissed with prejudice on January 4, 2007.

5.    Engineered Glass Walls Inc. v. Modtech Holdings, Inc., et al., Contra Costa County Superior Court Case No. C06-01750 ("Engineered Action"). The Engineered Action was dismissed with prejudice on January 17, 2007.

EXHIBIT "B"

APR-26-2007 10:21 FROM:LOZANO SMITH          925 302 2010          TO:5047#195#28#12136129 P.4

6.    F. Rodgers Specialty Contractor, Inc. v. Modtech Holdings, Inc., et al., Contra Costa County Superior Court Case No. C06-00854 ("Rodgers Action"). The Rodgers Action was dismissed with prejudice on February 23, 2007.

7.    Richard Hancock, Inc. v. Modtech Holdings, Inc., et al., Contra Costa County Superior Court Case No. C06-02229 ("Hancock Action").

8.    Bestco Electric, Inc. dba Best Electric v. Modtech Holdings, Inc., et al., Contra Costa County Superior Court Case No. C06-02530 ("Bestco Action").

(All these actions are collectively referenced as the "Lawsuits".)

E.    The District transmitted to Modtech on March 9, 2007, a settlement offer under California Code of Civil Procedure Section 998, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference, which was intended to fully and completely resolve the Modtech Action and also to protect the District from any adverse claims, liabilities or costs that it might incur in the Direct Digital Action, Bayside Action, Hancock Action and/or Bestco Action. By written notice dated March 16, 2007, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated by reference, Modtech unequivocally accepted the District's Section 998 settlement offer. The purpose of this Agreement is to comply with Exhibit "A" and set forth the complete terms and conditions of that settlement.

F.    The Parties desire to resolve all aspects and disagreements between and amongst themselves as to the Project and the Lawsuits (collectively the "Dispute") in accordance with Exhibits "A" and "B" hereto and to avoid the time and expense attendant upon further litigation. The Parties further state that there are no intended beneficiaries of the settlement and resolution effectuated by this Agreement other than the Parties herein.

THEREFORE, the Parties agree as follows:

## AGREEMENT

1.    Recitals. The recitals set forth above are true and correct, and incorporated herein by reference.

2.    Payment. District agrees to pay Modtech the total sum of Three Million Five Hundred Dollars ($3,500,000), inclusive of any funds the District currently holds with respect to retention, stop-notices, liquidated damages, punch list items, progress payments, or for any other reason.

3.    Schedule of Payments.

a.    District agrees to pay Modtech the sum of Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00) within thirty (30) days of the full execution of this Agreement by the Parties. Payment shall be delivered to Eric C. Smith at the law firm of

Page 2 of 6

Monteleone & McCrory LLP, located at 725 S. Figueroa Street, Suite 3200, Los Angeles, California 90017-5446.

      b.    The amount remaining of the District's total Three Million Five Hundred Thousand Dollars ($3,500,000) obligation to Modtech, after the payment in subsection 3.a., above, which amount equals Three Hundred Fifty Thousand Dollars ($350,000.00), will be remitted to Modtech within ten (10) business days after satisfactory completion by Modtech of its obligations set forth below at section 4 of this Agreement.

    4.    **Cooperation Clause.** Modtech, LMI and their respective boards of directors, directors, officers, employees, and agents agree to cooperate with and assist the District through completion of all contract completion items and necessary and/or proper paper work and documentation to close out the Project with the Division of the State Architect and/or any other governmental agencies. Attached hereto are Exhibits "C" and "D", respectively, and incorporated by reference, are the outstanding items for completion of the Increment 2 Contract, and a list of anticipated items and acts that need to be satisfactorily completed in order to close out the project with the Division of the State Architect.

    5.    **Dismissal.** Within five (5) business days of the District's payment pursuant to Section 3.6, Modtech will file a Request for Dismissal of its complaint against the District in the Modtech Action, and the District will file a Request for Dismissal of its Cross-Complaint in the Modtech Action.

    6.    **Indemnity and Defense Obligation; Conflict of Interest.**

      a.    **Defense and Indemnity.** Modtech and LMI, jointly and severally, agree to defend, indemnify and hold harmless District from and against any liabilities, claims, causes of action, losses, costs, attorneys fees, or statutory liabilities asserted in, or which could be asserted, in the Direct Digital Action, Bayside Action, Hancock Action and Bestec Action. Such defense, indemnity and hold harmless obligations of Modtech and LMI jointly and severally, specifically include, and are not limited to, any potential liabilities the District may incur by making the payment described in Section 3.a. above, with funds that have been withheld because of stop-notices.

      b.    **Waiver by District.** Modtech and LMI agree that upon full execution of this Agreement by the Parties and approval by the District's Governing Board, the law firm of Monteleone & McCrory will substitute in for Lozano Smith as counsel of record for the District in the Direct Digital Action, Bayside Action, Hancock Action, and Bestec Action, without fee or cost obligation to the District until final resolution of such actions. District hereby waives, except to the extent prohibited by California law, any and all actual and potential conflicts of interest between District and Lozano Smith on the one hand and Modtech, LMI and Monteleone & McCrory on the other hand, as a result of this defense of District.

      c.    **Waiver by Modtech and LMI.** Modtech and LMI hereby waive, except to the extent prohibited by California law, any and all actual and potential conflicts of interest between Modtech and LMI and Monteleone & McCrory on the one hand and District and Lozano Smith on the other hand, as a result of the defense of District by Monteleone & McCrory.

*Page 3 of 6*

7.    **General Release.**  Except for the obligations of the Parties set forth herein, and all warranties associated with or connected to the construction work performed regarding the Increment 2 Contract, the Parties hereby release, acquit, and forever discharge each other and their respective predecessors, successors, affiliates, boards of trustees or directors, members of boards of trustees or directors, principals, officers, subcontractors, consultants, suppliers, employees, agents, representatives, heirs, and assigns from any and all claims, expenses, debts, demands, costs, and other actions or liabilities of every nature, whether known or unknown, whether in law or in equity, that each has or may claim to have as a result of the Dispute. The Parties expressly acknowledge that this release is intended to include in its effect all claims and causes of action which the Parties may claim against each other. The Parties, therefore, agree that they shall have no right whatsoever to file any lawsuit or institute any other action or legal proceedings of any type whatsoever based upon, connected with, or in any manner arising out of the Dispute. This release is not intended to benefit non-Parties to this Agreement.

8.    **Release of Unknown Claims.**  Except for the obligations created by this Agreement or expressly exempted herein, it is the intention of the Parties, in doing the acts herein set forth and accepting the consideration referred to herein, that this Agreement shall be effective as a full and final accord and satisfaction and release of each and every matter described or contemplated herein. Each Party acknowledges that he/it is familiar with Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Each Party waives and relinquishes any rights and benefits he/it has or may have under section 1542 of the California Civil Code. Each Party acknowledges that he/it is aware that he/it may hereafter discover facts in addition to or different from those which he/it now knows or believes to be true with respect to the subject matter of this Agreement, but is his/its intention to finally and forever settle and release any and all matters, disputes and differences, known or unknown, suspected or unsuspected, which do now exist, may exist or heretofore have existed, and in furtherance thereof, this release shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different facts.

9.    **Cooperation/Execution of Supplemental Documents.**  In addition to the obligations of Sections 4 and 5 above, to the extent necessary or appropriate to carry out the provisions of this Agreement, the Parties agree to fully cooperate as may be proper or necessary, and to execute any and all documents and take other actions as may be necessary or convenient to carry out the terms of this Agreement.

10.    **Enforceability of Agreement.**  The Parties agree that the Contra Costa County Superior Court shall retain jurisdiction over this Agreement to enforce it through the issuance of any appropriate legal or equitable remedy until the Parties have complied with all terms of this Agreement.

11.    **No Admission of Liability.**  Each Party acknowledges and agrees that this Agreement affects the settlement of claims which are contested and denied and does not

EXHIBIT "B"

constitute an admission of liability by any Party for any purpose. Moreover, nothing contained in this Agreement nor the payment of any sums provided for in this Agreement shall be offered, admitted or construed as an admission by any of the Parties of any liability or the amount of any liability to any of the other Parties.

12.    Ownership of Released Claims. The Parties represent and warrant that each Party is the sole and lawful owner of all right, title and interest in and to every claim which it purports to release and that each Party will not and has not committed or permitted or agreed to any sale, encumbrance, hypothecation or transfer, whether by operation of law or otherwise, of any claim, right or cause of action to be released or discharged or which otherwise would have been affected pursuant to the provisions of this Agreement.

13.    Binding Effect. This Agreement is for the benefit of and shall be binding on the Parties and their respective predecessors, successors, affiliates, boards of trustees or directors, members of the boards of trustees or directors, principals, officers, subcontractors, consultants, suppliers, agents, representatives, heirs, and assigns. This Agreement is not intended to benefit any non-Party to this Agreement.

14.    Attorneys' Fees and Costs. Each Party shall bear its own attorneys' fees and costs incurred prior to execution of this Agreement.

15.    Breach of Agreement. If any of the Parties breaches this Agreement, the prevailing Party shall be entitled to all damages reasonably flowing from the breach, plus attorneys' fees and costs. In any action to interpret the terms of this Agreement, the prevailing Party shall be entitled to attorneys' fees and costs.

16.    Execution by Facsimile or in Counterparts. This Agreement may be executed in counterparts such that the signatures may appear on separate signature pages. A copy, facsimile or an original, with all signatures appended together, shall be deemed a fully executed Agreement.

17.    Amendments. This Agreement cannot be changed or supplemented orally and may be modified or superseded only by written instrument executed by all of the Parties.

18.    Governing Law/Interpretation. This Agreement shall be governed by and construed in accordance with the laws of the State of California. The language of all parts of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against any Party. All Parties have participated equally in the drafting of this Agreement.

19.    Severability. If any provision of this Agreement is held to be void, voidable, or unenforceable, the remaining portions of the Agreement shall remain in full force and effect.

20.    Entire Agreement. This Agreement constitutes the entire agreement and understanding between the Parties. There are no oral understandings, terms, or conditions, and the Parties have not relied upon any representation, express or implied, not contained in this Agreement. All prior understandings, terms, or conditions are deemed merged into this

EXHIBIT "B"

Agreement. This Agreement is intended as the complete and exclusive statement of the Parties' agreement pursuant to Code of Civil Procedure section 1856.

21.    Authority to Sign.  Each person executing this Agreement on behalf of any of the Parties herein does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of and fully bind such Party.

Dated: _July 13_, 2007          MODTECH HOLDINGS, INC.

By: _James W. Gasper_
Name: _James W. Gasper_
Title: _Director of Contract Administration_

Dated: _____, 2007          LIBERTY MUTUAL INSURANCE COMPANY

By: _____
Name: _____
Title: _____

Dated: _____, 2007          LIBERTY UNION HIGH SCHOOL DISTRICT

By: _____
     Daniel M. Smith, Superintendent

APPROVED AS TO FORM:

_____
Eric Smith
Monteleone & McCrory LLP
Attorneys for Modtech Holdings, Inc. and
Liberty Mutual Insurance Co.

_____
Gregory A. Wedner
Lozano Smith
Attorneys for Liberty Union High School
District

EXHIBIT "B"

Fax:6108328124          Jul 24 2007  18:19    P. 10

APR-26-2007 18:23 FROM:LORAC SMITH          925 387 2010    TO:5047e195a8Be12135129 P.9/62

Agreement. This Agreement is intended as the complete and exclusive statement of the Parties' agreement pursuant to Code of Civil Procedure section 1856.

21.    **Authority to Sign.** Each person executing this Agreement on behalf of any of the Parties herein does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of and fully bind such Party.

Dated: _____ 13__, 2007          MODTECH HOLDINGS, INC.

By: _____
Name: _____
Title: _____ Director of Contract Administration

Dated: 14 24th __, 2007          LIBERTY MUTUAL INSURANCE COMPANY

By: _____
Name: _____ Senior Corp. Counsel
Title: _____ Liberty Mutual Ins. Co.

Dated: _____, 2007          LIBERTY UNION HIGH SCHOOL DISTRICT

By: _____
    Daniel M. Smith, Superintendent

APPROVED AS TO FORM:

_____
Eric Smith
Monteleone & McCrory LLP
Attorneys for Modtech Holdings, Inc. and
Liberty Mutual Insurance Co.

_____
Gregory A. Wedner
Lozano Smith
Attorneys for Liberty Union High School
District

Page 6 of 6

EXHIBIT "B"

Agreement. This Agreement is intended as the complete and exclusive statement of the Parties' agreement pursuant to Code of Civil Procedure section 1856.

    21.   **Authority to Sign.** Each person executing this Agreement on behalf of any of the Parties herein does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of and fully bind such Party.

Dated:_____, 2007      MODTECH HOLDINGS, INC.

                        By:_____
                        Name:_____
                        Title:_____

Dated:_____, 2007      LIBERTY MUTUAL INSURANCE COMPANY

                        By:_____
                        Name:_____
                        Title:_____

Dated: _July 17_, 2007      LIBERTY UNION HIGH SCHOOL DISTRICT

                        By:_____
                          Daniel M. Smith, Superintendent

APPROVED AS TO FORM:

_____
Eric Smith
Monteleone & McCrory LLP
Attorneys for Modtech Holdings, Inc. and
Liberty Mutual Insurance Co.

_____
Gregory A. Wedner
Lozano Smith
Attorneys for Liberty Union High School
District

EXHIBIT "B"