SCOTT C. CLARKSON, ESQ.  SBN 143271
EVE A. MARSELLA, ESQ.  SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel to plaintiff Monteleone & McCrory LLP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:08-bk-24324-TD |
| MODTECH HOLDINGS, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | Adv. Case No. 6:09-ap-01268-TD |
| | SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF MONTELEONE & MCCRORY, LLP |
| MONTELEONE & McCRORY, LLP, | |
| Plaintiff, | |
| v. | **Live Hearing:** |
| MODTECH HOLDINGS, INC., and MODTECH STRUCTURES LLC, | DATE:  January 28, 2010 |
| | TIME:   10:00 a.m. |
| Defendants. | PLACE: Courtroom 1345 |
| | 225 E. Temple Street |
| | Los Angeles, CA 90012 |
| | -and- |
| | **Via Video Conference:** |
| | DATE:  January 28, 2010 |
| | TIME:   10:00 a.m. |
| | PLACE: Courtroom 303 |
| | 3420 Twelfth Street |
| | Riverside, CA 92501 |

/////

1

The following facts have been established as uncontroverted facts[1]:

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 1. As of November 1, 2004, and throughout 2005, Ron Savona was the Chief Operating Officer of Modtech Holdings, Inc. | Stipulation of Undisputed Facts No. 1. |
| 2. After leaving the position of COO, Mr. Savona became Executive Vice President of Modtech Holdings, Inc., and held that position up to the date of Modtech's bankruptcy filing on October 20, 2008. | Stipulation of Undisputed Facts No. 2. |
| 3. Modtech Holdings, Inc. was a publicly held company during all of 2004 and 2005. | Stipulation of Undisputed Facts No. 3. |
| 4. As of November 1, 2004, Modtech Holdings, Inc. was a Delaware Corporation, authorized to do business in California. | Stipulation of Undisputed Facts No. 4. |
| 5. Modtech Holdings, Inc. was a Delaware Corporation during all of 2004 and 2005, authorized to do business in California. | Stipulation of Undisputed Facts No. 5. |
| 6. At some point in time in the fall of 2004, Ron Savona made the decision that Modtech Holdings, Inc. needed to retain legal counsel to assist it in connection with certain pending construction projects. | Stipulation of Undisputed Facts No. 6. |

---

[1] Attached hereto as Exhibit "C" is a true and correct copy of the Stipulation of Undisputed Facts (without Exhibits) entered into by and between Plaintiff Monteleone & McCrory LLP and Modtech Structures, LLC, which was filed with this Court on or about December 8, 2009 as docket number 11. An Amended Stipulation containing Exhibit's "A" and "B" was subsequently filed on December 9, 2009 as docket number 13. Exhibits "A" and "B" to the Stipulation of Undisputed Facts are the same exhibits as set out in Exhibits "A" and "B' to this Separate Statement of Undisputed Facts, and will not be duplicated here.

| | |
|---|---|
| 7. The initial projects for which Ron Savona believed Modtech Holdings, Inc. needed legal counsel included what have been called Heritage High School and Monroe Middle School. | Stipulation of Undisputed Facts No. 7. |
| 8. At some point in time in the fall of 2004, Ron Savona also came to the conclusion that Modtech Holdings, Inc. needed to retain legal counsel to assist it with a variety of legal issues and/or matters, including, but not limited to contract and construction related issues. | Stipulation of Undisputed Facts No. 8. |
| 9. In early November, 2004, Ron Savona and others at Modtech met with Patrick Duffy at Modtech's offices in Perris, California for purposes of discussing certain legal matters and retaining Mr. Duffy and his firm. | Stipulation of Undisputed Facts No. 9. |
| 10. Ron Savona and Patrick Duffy discussed the Heritage High School and Monroe Middle School projects, among other things at the November, 2004 meeting at Modtech's offices. | Stipulation of Undisputed Facts No. 10. |
| 11. At the November, 2004 meeting at Modtech's offices, Mr. Savona retained Mr. Duffy and his firm to represent Modtech Holdings, Inc. | Stipulation of Undisputed Facts No. 11. |
| 12. During the November, 2004 meeting at Modtech's offices, Mr. Duffy advised Ron Savona that his firm would require that the company execute a written retainer agreement with the firm. | Stipulation of Undisputed Facts No. 12. |
| 13. During the November, 2004 meeting at Modtech's offices, Mr. Duffy also advised Mr. Savona that he would send him the proposed retainer agreement for his review, and that if he had any questions about it, he should contact Mr. Duffy. | Stipulation of Undisputed Facts No. 13. |

/////

| | |
|---|---|
| 14. Exhibit "A", attached hereto, is a true and correct copy of the November 12, 2004 written retainer agreement entered into between Modtech Holdings, Inc. and the law firm of Monteleone & McCrory, LLP for the provision of legal services by the firm (the "Retainer Agreement"). | Stipulation of Undisputed Facts No. 14, and the Retainer Agreement attached as Exhibit "A" to the Stipulation of Undisputed Facts and to this Statement. |
| 15. Ron Savona executed the Retainer Agreement, attached hereto as Exhibit "A", as COO of Modtech Holdings, Inc. in November, 2004, after first reviewing it. | Stipulation of Undisputed Facts No. 15. |
| 16. Modtech did not believe that the terms and conditions contained within Exhibit "A" attached hereto, the Retainer Agreement, were unfair or unreasonable to Modtech Holdings, Inc. | Stipulation of Undisputed Facts No. 16. |
| 17. Ron Savona was given a reasonable period of time to review Exhibit "A", the Retainer Agreement. | Stipulation of Undisputed Facts No. 17. |
| 18. Ron Savona was given a reasonable period of time to consult with other counsel of his choosing regarding the terms and conditions contained within Exhibit "A", the Retainer Agreement. | Stipulation of Undisputed Facts No. 18. |
| 19. Ron Savona chose not to consult with another lawyer regarding the terms and conditions contained within Exhibit "A", the Retainer Agreement. | Stipulation of Undisputed Facts No. 19. |
| 20. Prior to executing Exhibit "A", Ron Savona did not have any questions about the terms or conditions contained within the Retainer Agreement (Exhibit "A"). | Stipulation of Undisputed Facts No. 20. |

/////

4

/////

/////

| | |
|---|---|
| 21. By executing Exhibit "A", the Retainer Agreement, Ron Savona understood that Modtech Holdings, Inc. was agreeing to compensate the Monteleone & McCrory firm on an hourly basis for the services provided by its lawyers, paralegals and consultants, along with their reasonable costs and expenses. | Stipulation of Undisputed Facts No. 22. |
| 22. At the time of executing Exhibit "A", the Retainer Agreement, Ron Savona had the authority of Modtech Holdings, Inc. to do so. | Stipulation of Undisputed Facts No. 23. |
| 23. After executing Exhibit "A", the Retainer Agreement, Ron Savona had the executed agreement sent back to Mr. Duffy's attention at his law firm. | Stipulation of Undisputed Facts No. 24. |
| 24. Following the retention of the Monteleone & McCrory firm in November, 2004, Modtech personnel were authorized to contact the Monteleone & McCrory firm to request it to provide legal services on specific and general legal matters. | Stipulation of Undisputed Facts No. 25. |
| 25. Jim Gasper was the Modtech person assigned by Modtech Holdings, Inc. to act as the primary liaison with the Monteleone & McCrory firm, regarding the provision of legal services. | Stipulation of Undisputed Facts No. 26. |
| 26. Jim Gasper was authorized by Modtech Holdings, Inc. at all times between November 12, 2004 and October 19, 2008 to request the Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc. | Stipulation of Undisputed Facts No. 27. |
| 27. Ron Savona provided Mr. Gasper with the authorization to retain the | Stipulation of Undisputed Facts No. 28. |

5

| | |
|---|---|
| Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc. | |
| 28. Ron Savona never became aware of any instance where Mr. Gasper retained the Monteleone & McCrory firm to provide legal services on behalf of Modtech Holdings, Inc. that Mr. Savona or others at Modtech Holdings, Inc. had not authorized. | Stipulation of Undisputed Facts No. 29. |
| 29. Mr. Gasper was employed with Modtech Holdings, Inc. between at least November 12, 2004 and October 20, 2008. | Stipulation of Undisputed Facts No. 30. |
| 30. Part of Mr. Gasper's duties was to keep up to date on the various legal matters and to report to Ron Savona and others within Modtech on a regular basis. | Stipulation of Undisputed Facts No. 31. |
| 31. Part of Mr. Gasper's duties also included reviewing and approving legal invoices from the Monteleone & McCrory firm. | Stipulation of Undisputed Facts No. 32. |
| 32. Modtech representatives never questioned any legal invoices from the Monteleone & McCrory firm that were not addressed and resolved by the law firm and Modtech. | Stipulation of Undisputed Facts No. 33. |
| 33. At the time Modtech filed for bankruptcy protection on October 20, 2008, Modtech Holdings, Inc. owed Monteleone & McCrory $776,336.39 in legal fees, costs and expert fees. | Stipulation of Undisputed Facts No. 34. |
| 34. The unpaid legal fees and costs sought by Monteleone & McCrory firm in the pending Modtech bankruptcy proceeding of $776,336.39 are reasonable. | Stipulation of Undisputed Facts No. 35. |
| 35. Monteleone & McCrory LLP never filed a UCC financing statement with the California Secretary of State with respect | Stipulation of Undisputed Facts No. 36. |

1  to any lien or other rights against Modtech
2  arising under or by reason of the Retainer
   Agreement.
3
4  36.      Laurus Master Fund, LTD did not          Stipulation of Undisputed Facts No. 37.
   file a UCC financing statement with the
5  California Secretary of State with respect
   to any lien or other rights against Modtech
6  Holdings, Inc. at any time, and did not file
   a UCC financing statement with the
7  Delaware    Secretary    of    State    until
   September 26, 2006.
8
9  37.      All    of    the    existing    or    future      Stipulation of Undisputed Facts No. 38.
   recoveries    to    which    Monteleone    &
10 McCrory LLP contends its lien currently
   attaches, or will in the future attach, are or
11 will    be    the    result    of,    or    based    on,
   commercial contract claims.
12
13 38      Modtech Holdings, Inc. filed for          Stipulation of Undisputed Facts No. 39.
   bankruptcy    protection    on    October    20,
14 2008.
15
   39.      Between November 12, 2004 and            Stipulation of Undisputed Facts No. 40.
16 October 19, 2008, Monteleone & McCrory
   represented    Modtech    in    a    number    of
17 litigation matters, including, but not limited
   to:
18         (a)      Litigation    against    the    San
19 Diego    Unified    School    District    in
   connection    with    the    manufacture    and
20 installation    of    the    Porter    and    Kennedy
   Elementary    School    Projects    (*Modtech v.*
21 *San Diego Unified School District*, San
   Diego County Superior Court Case No. 37-
22 2008-00097028-CU-BC-CTL)
   ("Porter/Kennedy Elementary Schools");
23
24         (b)      Litigation    against    the
25 Liberty    Union    High    School    District
   regarding the Debtor's work on the 2005
26 Heritage    High    School    Project    (*Modtech
27 Holdings, Inc. v. Liberty Union High
   School District*, Contra    Costa    County
28

7

| | | |
|---|---|---|
| 1 | Superior Court Case No. C06-00239) ("Heritage High School"); | |
| 2 | | |
| 3 | ///// | |
| 4 | (c) Litigation against the Campbell Union Elementary School District seeking damages in excess of $4 million (*Modtech Holdings, Inc. v. Campbell Union Elementary School District, et al.*, Santa Clara County Superior Court Case No. 1-05-CV-049363) ("Monroe Middle School"); and | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | (d) Litigation against JT Plastering, Inc., a subcontractor to Modtech, arising from services performed on the Landmark Elementary School, located in Watsonville, California (*Modtech Holdings, Inc. v. J & T Plastering, Inc.*, Los Angeles County Superior Court Case No. BC390871) ("JT Plastering"). | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | 40.   Subsequent to Modtech's bankruptcy filing, Monteleone & McCrory was retained, by Order of the Bankruptcy Court, as Special Counsel to Modtech Holdings, Inc. in connection with (a) Porter/Kennedy Elementary Schools; (b) Heritage High School; (c) Monroe Middle School; and (d) JT Plastering matters. As part of the Orders appointing Monteleone & McCrory as Special Counsel to Modtech Holdings, Inc., Monteleone & McCrory agreed, among other things, to place any and all settlement and litigation proceeds obtained on behalf of Modtech into a blocked DIP account (in accordance with the specific orders of the court pertaining to Monteleone & McCrory's right to recover attorney's fees and costs out of such recoveries). | Stipulation of Undisputed Facts No. 41. |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | 41.   Monteleone & McCrory prepared and filed a timely Amended Proof of Claim | Stipulation of Undisputed Facts No. 42, and the Amended Proof of Claim attached |
| 28 | | |

| | | |
|---|---|---|
| 1 | in the pending Modtech Holdings, Inc. bankruptcy proceeding on or about February 23, 2009, a true and correct copy of which is attached hereto as Exhibit "B". | as Exhibit "B" to the Stipulation of Undisputed Facts and to this Statement. |
| 2 | | |
| 3 | | |
| 4 | 42.    Subsequent to October 20, 2008 and after being retained as Special Counsel for Modtech Holdings, Inc., Monteleone & McCrory has recovered certain monies in connection with the JT Plastering and Heritage High School matters, in the respective sums of $46,519.66, and $313,728.35, after deducting for court-ordered/agreed upon fees and costs. | Stipulation of Undisputed Facts No. 43. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | 43.    The monies recovered on behalf of Modtech Holdings, Inc. by Monteleone & McCrory in connection with the JT Plastering and Heritage High School matters have been placed in a blocked DIP account maintained by Modtech Holdings, Inc. and identified as "Modtech Litigation Fund Account" maintained as US Bank as "ABA#122-235-821". | Stipulation of Undisputed Facts No. 44. |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | 44.    On September 22, 2009, Modtech Structures LLC, a California limited liability company was formed. | Stipulation of Undisputed Facts No. 45 |
| 17 | | |
| 18 | 45.    On November 12, 2009, Laurus Master Fund, Ltd., a Cayman Islands company (In Liquidation), Valens Offshore SPV II, Corp., a Delaware corporation, and Valens U.S. SPV I, LLC, a Delaware limited liability company, purchased and designated Modtech Structures, LLC to take title to certain assets of Modtech holdings, Inc. (following an Order of the Bankruptcy Court entered on September 3, 2009), including but not limited to the claims, causes of action and proceeds from the same (litigation settlement proceeds), known as the (a) Porter/Kennedy Elementary Schools; (b) Heritage High School; (c) Monroe Middle School; and (d) J T Plastering matters, subject to, and | Stipulation of Undisputed Facts No. 46 |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

9

contingent upon, the final determination of the validity, priority, extent and amount of the Monteleone & McCrory LLP claimed attorney's lien, and further order of this Court (the "Modtech Purchased Assets").

46.  On November 12, 2009, Modtech Structures, LLC acquired title to the Modtech Purchased Assets, subject to, and contingent upon, the final determination of the validity, priority, extent and amount of the Monteleone & McCrory LLP claimed attorney's lien, and further order of this Court.    Stipulation of Undisputed Facts No. 47

## CONCLUSIONS OF LAW

1.  This action qualifies as a core proceeding under 28 U.S.C. Section 157(b)(2)(l) and (J).

2.  The Bankruptcy Court may hear and determine all cases under Title 11 and all core proceedings arising under 11 U.S.C. Section 506(a) and may enter appropriate orders and judgments subject to review under 11 U.S.C. Section 158.

3.  Plaintiff Monteleone & McCrory LLP ("M&M") and Modtech Holdings, Inc. ("Modtech") entered into a valid and enforceable written retainer agreement for the providing of legal services by M&M to Modtech (the "Retainer Agreement").

4.  The Retainer Agreement contained a valid and enforceable lien provision, providing for a lien in favor of plaintiff M&M over the proceeds of any and all claims and causes of action which were the subject of M&M's initial representation of Modtech, as well as the proceeds of any other claims or causes of action which M&M may have advanced for Modtech in connection with matters where M&M was retained by Modtech (the "M&M Lien").

5.  As a result of entering into the Retainer Agreement, the M&M Lien became perfected as a first priority secured claim in November, 2004, without more, as to Modtech, Modtech Structures LLC, and all others, including third parties, as to the proceeds of any and

all litigation matters over which M&M had been retained by Modtech, to the extent of its reasonable unpaid attorney's fees and costs for services provided.

6. M&M was retained by Modtech, and has secured proceeds from claims and causes of action prosecuted on behalf of Modtech, including the Heritage High School and JT Plastering matters (which funds are currently maintained in a segregated and blocked DIP account known as the "Modtech Litigation Fund Account"), and continues to pursue claims and causes of action on behalf of Modtech on the Porter/Kennedy Elementary School matter, over which the M&M Lien applies.

7. The reasonable, outstanding and unpaid attorney's fees and costs due from Modtech to M&M, as of the date of Modtech's filing for bankruptcy protection on October 20, 2008 was $776,336.39, and this amount is a first priority secured claim on the litigation proceeds from the Heritage High School, JT Plastering and Porter/Kennedy Elementary School matters.

Dated: December 28, 2009          CLARKSON, GORE & MARSELLA, APLC


By: /s/ Scott C. Clarkson
Scott C. Clarkson, Esq.
Eve A. Marsella, Esq.
Attorneys for plaintiff Monteleone & McCrory LLP

# EXHIBIT "A"

STEPHEN MONTELEONE
(1886-1962)

PATRICK J. DUFFY
A Professional Corporation,
PARTNER

# MONTELEONE & McCRORY, LLP
## LAWYERS
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
725 SOUTH FIGUEROA STREET, SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5446
TELEPHONE (213) 612-9900
FACSIMILE (213) 612-9930

ORANGE COUNTY OFFICE
450 WEST FOURTH STREET, SUITE 130
SANTA ANA, CALIFORNIA 92701

TELEPHONE
(714) 565-3170

FACSIMILE
(714) 565-3184

November 12, 2004

OUR FILE NUMBER

15085

Mr. Ronald C. Savona
Chief Operating Officer
Modtech Holdings, Inc.
2830 Barrett Avenue
Perris, California 92571

Re: Legal Representation

Dear Ron:

We are pleased that you wish to retain Monteleone & McCrory to handle both the general business legal needs of Modtech Holdings, Inc. and the dispute resolution needs of the company. In that regard, we will proceed to up-grade your subcontract and change order forms on the one hand and advance claims and defend asserted liabilities on the Heritage High School project and the Monroe Middle School project on the other. We will also represent you in negotiations with the owners of those two schools (Liberty Union High School District and the Campbell Union School District) as well as dealing with the architects on those projects and the site contractors on those projects.

California law requires us to formalize discussions regarding our fee arrangement in writing. This letter will thus serve to describe the services for which you have retained us, document our acceptance of the matter, and set forth our fee arrangement. In addition, it shall govern our attorney-client relationship for its duration. Please sign the enclosed copy of this letter on the blank signatory line immediately below my signature to indicate your agreement to this fee arrangement, and return the signed copy to me for our files. A self-addressed, stamped envelope is enclosed for your convenience.

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 2

     Our fees for legal services are calculated according to the time required to perform particular tasks, at our normal hourly rates. These rates vary depending upon the attorney, legal assistant, or other personnel assigned by the firm to perform a particular task. Where appropriate, we will assign other lawyers, consultants, legal assistants or support personnel to perform work on this matter if, in our reasonable judgment, that is advisable. We will be happy to discuss personnel assignments with you at any time. Our charges will include all time spent by us in handling the matter, including time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to work on this matter. When such personnel engage in office conferences, each person will charge for his or her time. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time. Work on particular matters is coordinated between partners and associates in order to maximize efficiency and minimize costs.

     Additionally, if you desire, our firm will agree to act as your company's statutory agent for service of process in California. If you request that we act as your company's statutory agent, should we receive service of any process on behalf of your company we agree to forward it to you as soon after receipt as practicable. We will forward all such items received to you, at the address to which we are sending this letter, unless you designate a different address in writing.

     A list of our personnel, along with their hourly billing rates, is enclosed with this letter. You should also note that our hourly rates are adjusted periodically (usually on January 1st of each year, although interim adjustments are sometimes made).

     As a special Thank You to Dennis Shogren for considering us for this relationship, I will reduce my regular hourly rate by $25.00 through 2005.

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 3


       In addition to our fees, you will also be responsible for paying all costs and expenses incurred in our handling of the matter, including filing fees, transcript and court reporter's fees, messenger and other delivery fees, process service fees, jury fees, witness fees, investigator's fees, expert's or consultant's fees, photocopies, travel costs, Fax charges, long distance telephone charges, car telephone charges, computer-assisted legal research charges, and other similar items.

       Also, we may, with your consent, engage accountants, investigators, appraisers, engineers, architects, and/or other experts or consultants in various locales and areas of expertise to assist us in our representation. You agree to reimburse us, or upon our request, to pay directly, any such expenses incurred in the course of our representation of you.

       You hereby agree to pay, upon execution of this agreement, a deposit in the amount of $2,500.00 which shall be placed in our trust account. This agreement shall not become effective until we receive this deposit. The deposit shall not be applied against our periodic invoices, but rather invoices shall be payable monthly, and the deposit shall be held in reserve to be applied against any invoices for fees or costs that are outstanding at the conclusion of our representation of you. If your account is in good credit standing at the end of 2005, you may request the return of the deposit. In any event, we will return the unexpended portion of this deposit to you should our firm cease to represent Modtech for any reason.

       You will receive a monthly statement which itemizes the particular service rendered, the amount charged for that service, and all expenses, costs and other charges incurred. All time spent in connection with the matter will be billed in increments of tenths of an hour. Our policy is to require that each month's statement be paid in full within 30 days of issuance.

       You have the right at any time to terminate our services upon written notice to us and we shall, immediately after receiving such notice, cease to render additional services. Such termination shall not, however, relieve you of your

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 4

obligation to pay the fees due for services rendered and costs incurred prior to such termination. Likewise, if you fail to meet any of your obligations under this agreement, we shall have the right at our sole option and discretion to terminate this agreement, withhold further services, cease our representation of you, and withdraw as counsel of record for you in any proceeding. In this event you agree to take all steps necessary to free us of any obligation to perform any additional services on your behalf, including the execution of any documents necessary to complete our discharge or withdrawal from the matter.

You hereby grant us a lien on any and all claims or causes of action which are the subject of our representation of you pursuant to this agreement, as well as any and all other claims or causes of action which we may advance for you in connection with any other matter where we have been retained to act or have acted as counsel on your behalf. This lien shall be for the full amount of attorneys fees and costs owed to the firm on all matters, regardless of the matter or matters that those fees and costs relate to. This lien will be in addition to any other rights we may have to recover sums owing from you under this agreement. If you so desire, you may seek the advice of independent counsel of your choice with regard to the liens you are granting us hereunder, and we will of course give you the time necessary to do so. By signing this agreement you are consenting to the granting of the liens specified herein.

We can of course make no promises or guarantees regarding the outcome of the matter, and nothing contained in this agreement or in our statements to you shall be construed as a promise, guarantee, representation or assurance about the outcome of any matter.

You shall have all rights provided by applicable California law under certain circumstances to seek arbitration of any disputes regarding our fees under this agreement. Subject to applicable law and state bar rules, the prevailing party in any such arbitration shall be awarded its reasonable costs and attorney's fees incurred in connection with the dispute.

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 5


    Monteleone & McCrory, LLP is a limited liability partnership (LLP), registered with the California Secretary of State's office. The partners and other professionals of an LLP are responsible for their own tortious conduct, but not for the misconduct of others. The assets of an LLP, including amounts payable to clients under any policies of insurance covering errors and omissions of professionals of the firm, are available to satisfy claims against the LLP.

    In order to enable us to effectively render our services to you in this matter, it is important that you be truthful with us in discussing the matter and keep us apprised of all developments regarding the matter. Additionally, it is important that you cooperate with us in connection with our representation of you, and that you be reasonably available to attend meetings, court appearances, or other proceedings in connection with the matter.

    By your signature below, you are indicating that you have read this agreement in its entirety and understand its contents. Further, you acknowledge that we have advised you that you may seek the advice of an independent attorney as to the meaning and effect of the contents of this agreement and that you have either sought and obtained such independent advice or waived your opportunity to do so.

    We look forward to working with you on this matter. Should you have any questions regarding this letter, please do not hesitate to contact me.

Very truly yours,

MONTELEONE & McCRORY

By _____
PATRICK J. DUFFY

PJD:mkd
Enclosures

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 6

ACCEPTED:

MODTECH HOLDINGS, INC.

By_____
     RONALD C. SAVONA

C:\WP51\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

LAW OFFICES
MONTELEONE & McCRORY, LLP

Mr. Ronald C. Savona
November 12, 2004
Page 6




ACCEPTED:

MODTECH HOLDINGS, INC.


By_____
    RONALD C. SAVONA

C:\WP61\DATA\PJDFORMS\CORP\FEE-LTR.AGR
(HOURLY BILL) Rev. 2/24/98/PJD

EXHIBIT "A"

| | |
|---|---|
| Patrick J. Duffy, III, Partner | $ 375.00 |
| OTHER PARTNERS | $ 220.00 - $ 350.00 |
| ASSOCIATES | $ 150.00 - $ 220.00 |
| LAW CLERKS | $ 125.00 |
| PARALEGALS | $ 115.00 |

EXHIBIT "A"