1  IRA D. KHARASCH (CA Bar #109084)
   JAMES K.T. HUNTER (CA Bar #73369)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., Suite 1100
3  Los Angeles, California  90067
   Telephone:    (310) 277-6910
4  Facsimile:    (310) 201-0760
   Email: ikharasch@pszjlaw.com
5         jhunter@pszjlaw.com

6  Counsel for Defendant Modtech Structures LLC

7

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No. 6:08-bk-24324-TD |
| MODTECH HOLDINGS, INC., | Chapter 11 |
| Debtor and Debtor-in-Possession. | |
| MONTELEONE & MCCRORY, LLP, | Adv. Case No. 6:09-ap-01268-TD |
| Plaintiff, | **OPPOSITION OF DEFENDANT MODTECH STRUCTURES LLC TO MONTELEONE & MCCRORY LLP'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MODTECH HOLDINGS, INC., and MODTECH STRUCTURES LLC, | **Live Hearing:** |
| Defendants. | **DATE:**    **January 28, 2010** |
| | **TIME:**    **10:00 a.m.** |
| | **PLACE:**   **Courtroom 1345** |
| | **255 E. Temple Street** |
| | **Los Angeles, CA  9012** |
| | **-and-** |
| | **Via Video Conference** |
| | **DATE:**    **January 28, 2010** |
| | **TIME:**    **10:00 a.m.** |
| | **PLACE:**   **Courtroom 303** |
| | **3420 Twelfth Street** |
| | **Riverside, CA  92501** |

51404-008\DOCS_LA:213627.1

**I.    INTRODUCTION**

Plaintiff Monteleone & McCrory LLP ("M&M") bases its motion for summary judgment on two key propositions:

    1.    the written statements regarding the nature and extent of the attorneys' lien contained in the Retainer Agreement adequately satisfied its obligations to "fully disclose" the "transaction" (i.e., the granting of the attorneys' lien to M&M); and

    2.    no filing of a UCC financing statement was required in order to perfect M&M's attorneys' lien.

For the reasons previously set forth in the concurrently-filed cross-motion for summary judgment of Modtech Structures LLC ("MSL"), and expanded upon herein in the specific context of responding to M&M's arguments, neither of M&M's propositions is well taken. With respect to the former proposition, the California case law and parallel language of Rule 3-310 of the California Rules of Professional Conduct establish that M&M failed to meet its disclosure obligation with respect to the Claimed M&M Attorneys' Lien because it did not advise Modtech of the reasonably foreseeable adverse consequences of the lien.

With respect to the latter proposition, M&M's reliance on the charging lien allowed under California law to secure payment of legal fees incurred in the <u>related</u> action is, for the most part, misplaced.[1] While $11,467.05 of the escrowed funds are the subject of a valid charging lien because that sum represents the total of the prepetition fees and costs incurred in the related actions[2], the remainder of the prepetition fees and costs which serve as the basis of M&M's asserted lien were incurred in <u>unrelated</u> actions. Accordingly, as to all but $11,467.05 of the escrowed funds, the filing of a UCC financing statement was required for perfection of the Claimed M&M Attorneys' Lien with respect thereto.

---

[1] As noted in footnote 1, at page 10 of MSL's Motion for Summary Judgment [Docket No. 18], a review of Exhibit "B" to the SOF establishes that out of the total Pre-Petition Fees/Costs of $776,336.39 at most $5,374.00 (or $5,581.00 - $207.00) relates to the J T Plastering matter (from which $46,519.66 of the escrowed funds derive) and $6,093.05 (or $6891.00 - $797.95) relates to the Heritage High School matter (for which $313,728.35 of the escrowed funds derive). Accordingly, in the event this Court determines that the Claimed M&M Attorneys' Lien is valid ab initio, MSL stipulates that M&M is entitled to $11,467.05 out of the escrowed funds based on M&M's equitable charging lien for costs and fees related to the J T Plastering and Heritage High School matters.

[2] See fn. 1, <u>supra</u>.

**II.    DISCUSSION**

A.    <u>The Language Set Forth In The Retainer Agreement Did Not, Standing Alone (As It Does), Adequately Fulfill M&M's Disclosure Obligation With Respect To Its Asserted Attorneys' Lien</u>

In essence, M&M's position is that a law firm sufficiently fulfills its obligation of disclosure in connection with taking a concededly "adverse interest" to a client if the written document which provides for the adverse interest accurately specifies the nature and extent of that interest. MSL submits that the law requires that an attorney do more – namely, as is required in the parallel provision of Rule 3-310(A)(1), "inform … the client … of the relevant circumstances … and reasonably foreseeable adverse consequences to the client…."

In <u>Mayhew v. Benninghof</u>, 53 Cal.App.4th 1365, 1369, 62 Cal.Rptr.2d 27, 30 (Cal.App.4 Dist. 1997), the court held, in relevant part, as follows:

> "Rule 3-300 of the Rules of Professional Conduct requires attorneys who enter into business transactions with their clients to first advise them to seek 'the advice of an independent lawyer of the client's choice.' <u>The attorney is further obligated to give 'his client "all that reasonable advice against himself that he would have given him against a third person."'</u>" (Emphasis added.)

It is a serious matter for an attorney to acquire an "adverse interest" to a client. While it can be done with appropriate full disclosure, <u>Mayhew</u> requires that that full disclosure include "all that reasonable advice against himself that he would have given [his client] against a third person." At the very least, that advice should have included a specification of the reasonably foreseeable adverse consequences to Modtech of agreeing to the lien (i.e., as noted by the California Supreme Court in <u>Fletcher</u>, that the attorney could tie up that portion of settlement funds claimed to be subject to the attorneys' lien if a dispute ever arose over the lien's existence, perfection or scope). Since the record before this Court fails to establish that any such advice was given by M&M to Modtech, the Claimed M&M Attorneys' Lien is invalid and unenforceable *ab initio*.

B.    <u>The Filing Of A UCC Financing Statement Was Required To Perfect The Claimed M&M Attorneys' Lien With Respect To All Unrelated Fees And Costs</u>.

M&M cites the decisions in <u>Cetenko v. United California Bank</u>, 30 Cal. 3d 528, 179 Cal.

Rptr. 902 (Cal. 1982) ("Cetenko') and In re Bouzas, 294 B.R. 318 (Bkrtcy. N.D. Cal. 2003) ("Bouzas") for the proposition that an attorneys' lien is an equitable "secret lien" which need not be recorded in any manner in order to be perfected. M&M does not dispute that Cetenko and Bouzas so hold with respect to fees and costs incurred in the action which resulted in the creation of the funds against which the lien is asserted. In Cetenko, which dealt with a claimed lien against the proceeds from the "related" action, this point is made as follows:

> "Public policy favors the conclusion we reach in this case. If an attorney's claim for a lien on the judgment based on a contract for fees earned prior to and in the action cannot prevail over the lien of a subsequent judgment creditor, persons with meritorious claims might well be deprived of legal representation because of their inability to pay legal fees or to assure that such fees will be paid out of the sum recovered in the lawsuit. Such a result would be detrimental not only to prospective litigants, but to their creditors as well."

(Cetenko, 30 Cal. 3d at 535-6, 179 Cal. Rptr. at 907; emphases added.)

Bouzas also dealt with a charging lien asserted against the proceeds of a "related" dissolution. While Bouzas correctly held that the attorney had a valid "secret lien" in the proceeds of the dissolution action with respect to fees incurred in that action, it expressly held that the "secret lien" was limited thereto. In particular, the bankruptcy court rejected the attorney's contention that she was entitled not only to a lien on the proceeds of the dissolution action itself, it rejected any claim that that lien could extend beyond those proceeds to the client's share of the marital assets as follows:

> "Michelle is entitled to summary judgment declaring that she has a valid attorney's charging lien on any judgment or settlement in the dissolution action and that such lien is not avoidable under 11 U.S.C. § 544(a). However, she is not entitled to a ruling that she has a valid, nonavoidable attorney's charging lien on the Sale Proceeds. Rather, the Trustee is entitled to a ruing that Michelle does not have a lien of any sort on the Sale Proceeds….
>
> "5. The Contract could have provided for a lien in the Debtor's share of the community property. However, such a lien would not have constituted an attorney's charging lien. Therefore, it would not have been automatically perfected and entitled to priority based on the date of execution of the Contract. I would also have been avoidable by the Trustee under 11 U.S.C. § 544(A) if unperfected…."

1 (Bouzas, 294 B.R. at 325.)

2 The decision in In re Croshier, 228 B.R. 468, 471-3 (Bkrtcy. S.D. Cal. 1998), quoted from at length in MSL's Memorandum in support of its Motion for Summary Judgment, aptly explains the relevant principles. To reiterate, these are:

    1.    while public policy allows the enforcement by an attorney of an equitable charging lien even against a judgment creditor to secure the legal service incurred in the action resulting in settlement proceeds, it does <u>not</u> allow such a charging lien to secured <u>unrelated</u> services; and

    2.    since at all relevant times the California Commercial Code, and in particular sections 9102(a)(42) and 9109(d)(12), clearly included contractual liens on commercial contract claims with division 9's statutory perfection scheme, M&M's failure to file a UCC financing statement with respect thereto means that said liens were not properly perfected and are subject to avoidance pursuant to 11 U.S.C. § 544(a).

### III.    <u>CONCLUSION</u>

In light of the foregoing points and authorities, this Court should deny M&M's request for summary judgment against MSL.


Dated:    January 14, 2010                PACHULSKI STANG ZIEHL & JONES LLP

                                              By    */s/ James K.T. Hunter*
                                                    James K.T. Hunter
                                                    Counsel for Defendant Modtech Structures LLC

| In re:<br>MODTECH HOLDINGS, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-24324-TD<br><br>Adv. No. 6:09-ap-01268-TD |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **OPPOSITION OF DEFENDANT MODTECH STRUCTURES LLC TO MONTELEONE & MCCRORY LLP'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 14, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 14, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 14, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
The Honorable Thomas B. Donovan
U. S. Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 14, 2010 | Megan J Wilson | */s/ Megan J Wilson* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                    **F 9013-3.1**

| In re:<br>MODTECH HOLDINGS, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-24324-TD<br><br>Adv. No. 6:09-ap-01268-TD |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Scott C Clarkson     sclarkson@lawcgm.com
- James K T Hunter     jhunter@pszyjw.com
- Charles Liu     cliu@winthropcouchot.com
- Eve A Marsella     emarsella@lawcgm.com
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
- Marc J Winthrop     pj@winthropcouchot.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                        **F 9013-3.1**