SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Counsel to plaintiff Monteleone & McCrory LLP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No. 6:08-bk-24324-TD<br>) Chapter 11 |
| MODTECH HOLDINGS, INC., | )<br>) Adv. Case No. 6:09-ap-01268-TD |
| Debtor and Debtor in Possession. | )<br>) **MONTELEONE & MCCRORY LLP'S**<br>) **REPLY BRIEF IN SUPPORT OF ITS**<br>) **MOTION FOR SUMMARY JUDGMENT** |
| MONTELEONE & McCRORY, LLP, | )<br>) **Live Hearing:**<br>) DATE:   January 28, 2010 |
| Plaintiff, | ) TIME:   10:00 a.m.<br>) PLACE: Courtroom 1345 |
| v. | )            225 E. Temple Street<br>)            Los Angeles, CA 90012 |
| MODTECH HOLDINGS, INC., and<br>MODTECH STRUCTURES LLC, | ) -and-<br>)<br>) **Via Video Conference:** |
| Defendants. | ) DATE:   January 28, 2010<br>) TIME:   10:00 a.m.<br>) PLACE: Courtroom 303<br>)            3420 Twelfth Street<br>)            Riverside, CA 92501 |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Monteleone & McCrory, LLP ("M&M") hereby replies to the opposition filed by Defendant Modtech Structures, LLC ("MSL").

In opposition to the currently filed MSL Motion for Summary Judgment, M&M has recently filed an extensive set of points and authorities that addresses the points raised by MSL in opposition to the M&M Motion for Summary Judgment. Accordingly, M&M requests that, in addition to the points and authorities set forth within this reply brief, the Court consider the points and authorities submitted by M&M in opposition to the MSL Motion for Summary Judgment. However, in summary, M&M reiterates that:

1. M&M complied with the requirements of Rule 3-300 of the <u>California Rules of Professional Conduct</u>, and nothing more was required of it; and

2. The controlling California Supreme Court case of <u>Cetenko v. United California Bank</u> (1982) 30 Cal.3d 528 confirmed that an attorney's contractual charging lien is a secret lien, not subject to further perfection (by the filing of a UCC-1 Financing Statement or otherwise) in order to create a valid and enforceable lien as to **both** "related" and "unrelated" legal services in the action resulting in the settlement or judgment proceeds.

M&M respectfully requests that the Court reject the overreaching, unsupported arguments of MSL, and grant it's Motion in its entirety.

## II.

## ARGUMENT

A. **THE PARTIES HAVE STIPULATED THAT M&M FULLY COMPLIED WITH THE REQUIREMENTS OF RULE 3-300. M&M IS NOT REQUIRED TO PROVE ANYTHING ELSE TO VALIDATE ITS CHARGING LIEN**

In the MSL Motion, MSL admits that the facts stipulated to by the parties demonstrate that M&M complied with all of the requirements of Rule 3-300. (<u>See</u> MSL Motion at 6:21-22). This is all that is required under California law to establish the validity of a

charging lien. <u>Fletcher v. Davis</u> (2004) 33 Cal.4th 61, 14 Cal.Rptr.3d 58 ("We therefore conclude that an attorney who secures payment . . . by acquiring a charging lien . . . must comply with the requirements of Rule 3-300.").

    MSL, by way of its Opposition, suggests that M&M's written retainer agreement does not comply with what they contend is an additional requirement set forth within Rule 3-310(A)(1), namely, "informing the client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client...". While we do not necessarily agree that M&M must comply with this additional provision, a review of the M&M retainer agreement reveals that it does, in fact, advise the client that if they do not pay their bill that M&M would be entitled to a lien upon the proceeds, in a clear and unambiguous manner. There is nothing that requires this to be stated orally or in a different manner than as set forth by M&M. The consequence of not paying ones bill is obvious, but here M&M has provided information as to what will occur, ie. a lien, and has secured Modtech's written consent.

    As for the cited case of <u>Mayhew v. Benninghoff</u> (1997) 53 Cal. App.4th 1365, 62 Cal. Rptr.2d 27, this case is easily distinguishable from our facts because the attorney in <u>Mayhew</u> had previously represented the client in a dissolution proceeding, and later entered into a business relationship, in which the client contended the attorney had acted dishonestly, and sued the attorney for conversion of funds (not present under our facts). The Court held that the attorney, who attempted to use the original retainer agreement language to force the client into arbitration, should have specifically indicated within the retainer agreement if he desired the arbitration clause to cover future business dealings between the parties, and should have included language to advise the client of his right to independent counsel (M&M provided such information within their retainer agreement). In the <u>Mayhew</u> case, the attorney also had to overcome the undue influence presumption (not present under our facts), and the appellate court found that he failed to do so, and that this was a significant factor in their decision.

    There was simply nothing further that M&M was required to tell or provide to its client, Modtech, in connection with its retention as counsel, and in order to enforce its attorney's charging lien. It is also worth noting again that Modtech is not disputing M&M's compliance with the rules regarding retainers, but, MSL, a stranger to the transaction.

B. **M&M WAS NOT REQUIRED TO COMPLY WITH THE CALIFORNIA COMMERCIAL CODE UNDER ANY CIRCUMSTANCES, INCLUDING THE FILING OF A UCC-1 FINANCING STATEMENT WITH THE SECRETARY OF STATE, IN ORDER TO PERFECT ITS ATTORNEY LIEN**

In determining the validity of an attorney's lien, or any lien for that matter, the bankruptcy courts must apply state law [In re Southern California Plastics, Inc. (9th Cir. BAP 1997) 208 B.R. 178]. Bankruptcy courts must also look first to the decisions of the state supreme court, and in the absence of a supreme court decision, they must follow a decision of an intermediate appellate court absent convincing evidence the highest court of the state would decide differently [In re Kirkland (9th Cir. BAP 1988) 91 B.R. 551]. In this case, this Court is directed to the controlling California Supreme Court decision in Cetenko v. United California Bank, supra.

In the 1982 holding of Cetenko v. United California Bank, cited supra, the California Supreme Court was presented with a claim by an attorney asserting that his attorney's lien had priority over a subsequent judgment creditor claim. In that case, the attorney had provided representation to his client, Cetenko, in an action to establish ownership of a parcel of real property, **and on a number of other litigation matters ("unrelated" legal matters),** based upon an hourly rate written fee agreement entered into in 1976. The agreement provided that unpaid fees owed by Cetenko would become a lien upon any recovery in the action. A third party, Schaefer, had loaned $8,000 to Cetenko, secured by a promissory note in that same year. After failing to repay the note, Schaefer filed suit and a judgment was entered in her favor in March, 1977. In the real property action, Cetenko, through the services of his counsel, recovered $31,848.28 in the action, which was deposited in the court. The attorney, Schwartz, then filed a motion seeking the release of the entire proceeds to him **as payment for services rendered in this and several other matters**. The trial court granted Schwartz's motion, but required that he deposit the $8,000 in a bank account until the matter could be resolved. Schaefer, the third party, appealed the Order.

The Supreme Court, reviewing the facts of the matter, found that a valid lien arose at the time of execution of the written retainer agreement, that the agreement was fair and reasonable, that the lien could be based upon an hourly fee arrangement (<u>Supra</u>, at pages 531-532), that an attorney's lien is in the form of a "secret lien", and does not require notice in order to be effective (<u>Supra</u>, at pages 532-533) and enforceable and a priority to a later recorded judgment lien, disregarding any argument pertaining to notice, inclusive of the filing of a UCC-1 (<u>Supra</u>, at pages 533-535). Most important to our inquiry, the Supreme Court specifically held that:

> "Public policy favors the conclusion we reach in this case…If an attorney's claim for a lien on the judgment based on a contract **for fees earned prior to and in the action** cannot prevail over the lien of a subsequent judgment creditor, persons with meritorious claims might well be deprived of legal representation because of their inability to pay legal fees or to assure that such fees will be paid out of the sum recovered **in the latest lawsuit**…Such a result would be detrimental not only to prospective litigants, but to their creditors as well…It must be observed that Dr. Cetenko, the client, makes no objection to the use of his judgment **to partially satisfy his attorney's several claims**…The only objection comes from a stranger to the proceedings, one whose judgment lien was obtained long after the attorney's lien was agreed upon by contract" [Cetenko, <u>Supra</u>, at page 535-536] [Emphasis added].[1]

The holding by the Supreme Court in <u>Cetenko</u> has not been overturned, and is the current authority as to the issues of notice, "related and unrelated fees and costs", and the applicability of the <u>California Commercial Code</u> to attorney liens.

The cases of <u>In re Bouzas</u> (2003) 294 B.R. 318 and <u>In re Croshier</u>, (1998) 228 B.R. 468, cited by defendant MSL, are not precedent on the issues (because both are bankruptcy court holdings attempting to explain California law on the subject of attorney's liens, rather than looking to the California holdings themselves), and, neither provide any additional guidance to

---

[1] It should be noted that defendant MSL, within its Opposition papers at page 3, lines 7 through 11, has not correctly or completely cited the opinion of the court, by leaving out an important word set forth within the court's opinion that significantly change the meaning of the quote, such as the phrase "the lawsuit", rather than the phrase "the **latest** lawsuit".

5

this Court. In <u>Bouzas</u>, the bankruptcy court found that that the attorney who represented a client in a dissolution proceeding had a contractual charging lien as a result of a written retainer agreement with the client, however, the court found that the language of the retainer agreement, while providing a lien to secure fees on the debtor's "cause of action, judgment, settlement or otherwise", was not written sufficiently to find that it expressed an intent to create a lien directly on the Debtor's interest in the real property or its proceeds. The M&M lien language, on the other hand, specifically provided that it was to attach to any and all matters for which services were rendered, even as to unrelated fees and costs (Please see Exhibit "A" to M&M moving papers, page 4, second full paragraph). In the case of <u>Croshier</u>, the bankruptcy court misquotes the holding in <u>Cetenko</u>, as described in detail with the M&M Opposition to the MSL Motion, by attempting to limit the <u>Cetenko</u> holding to contractual charging liens pertaining to "related services", rather than "related and unrelated services" as unambiguously stated by <u>Cetenko</u> at pages 535-536.

## IV.

## CONCLUSION

Based upon the forgoing, the previously filed M&M Statement of Uncontroverted Facts and Conclusions of Law, the Stipulation of Undisputed Facts on file, the M&M Motion for Summary Judgment, and the M&M Opposition to the MSL Motion for Summary Judgment, M&M respectfully requests this Court to grant M&M's requested relief and issue an Order granting the M&M Motion in whole, as a matter of law.

Dated: January 20, 2010                    CLARKSON, GORE & MARSELLA, APLC

By: _/s/_____
Scott C. Clarkson, Esq.
Eve A. Marsella, Esq.
Attorneys for plaintiff Monteleone & McCrory LLP

6

| In re: | | CHAPTER: 11 |
|---|---|---|
| | MODTECH HOLDING, IN., | ADV. NUMBER: 6:09-ap-01268-TD |
| | Debtor(s). | CASE NUMBER: 6:08-bk-24324-TD |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street, Suite 350, Torrance, CA 90503

A true and correct copy of the foregoing document described _____ MOTELEONE & MCCRORY LLP'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 20, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Counsel for Modtech Structures LLC (Defendant)**
James K T Hunter    jhunter@pszyjw.com

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On January 20, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Honorable Thomas B. Donovan
255 East Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 20, 2010 | Michelle A. Carpenter | /s/ Michelle A. Carpenter |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                              F 9013-3.1

| In re:                              | CHAPTER: 11                          |
|-------------------------------------|--------------------------------------|
| MODTECH HOLDING, IN.,               | ADV. NUMBER: 6:09-ap-01268-TD        |
| Debtor(s).                          | CASE NUMBER: 6:08-bk-24324-TD        |

**BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") (cont'd)**

**Counsel for Modtech Holdings, Inc. (Defendant)**
Charles Liu    cliu@winthropcouchot.com
Marc J Winthrop    pj@winthropcouchot.com

**U.S. Trustee**
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    **F 9013-3.1**